≈JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
James Scioli, on behalf of himself and all others similarly situated

(b) County of Residence of First Listed Plaintiff: Cape May

(c) Attorney's (Firm Name, Address, Telephone Number and Email Address)
Donald M. Doherty, Jr., Friedman Doherty, LLC, 125 North Route 73, West Berlin, NJ 08091 / dmd@friedmandoherty.com

## DEFENDANTS
Goldman & Warshaw, P.C.

County of Residence of First Listed Defendant: Camden

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known): unknown

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 530 General | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | | | |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC 1692
Brief description of cause:
Fair Debt case - illegal collection of attorneys fees

## VII. REQUESTED IN COMPLAINT:
☑ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) (See instructions):
JUDGE _____ DOCKET NUMBER _____
Explanation:

DATE: 11/24/08

SIGNATURE OF ATTORNEY OF RECORD

**FRIEDMAN DOHERTY, LLC**
Donald M. Doherty, Jr., Esq.
**(DD-0466)**
125 N. Rt. 73
West Berlin, New Jersey 08091
(856) 988-7777
Attorneys for Plaintiff and Putative Class

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(CAMDEN VICINAGE)

| | | |
|---|---|---|
| James Scioli, on behalf of himself and all others similarly situated, | : : : | Civil Case No. 08-cv-05739-JEI-JS |
| *Plaintiff,* | : | ***First Amended*** Complaint |
| vs. | : : | (Class Action) |
| Goldman & Warshaw, P.C., | : : | |
| *Defendant.* | : | |

Plaintiff hereby complains against the Defendant as follows:

### PARTIES

1. This action is brought by the Plaintiff on behalf of himself, and all others similarly situated, whose joinder in this action is impracticable because of the number of Plaintiffs and the size of their prospective claims.

2. Plaintiff, James Scioli, maintains his domicile at 228 Haven Avenue, Ocean City, New Jersey. He is a New Jersey citizen.

3. Defendant Goldman & Warshaw, P.C. is a New Jersey law firm that engaged in debt collection activities complained of herein.

### JURISDICTION

4. Jurisdiction is proper in the Federal District Court as the case is premised solely upon a federal question as defined under 28 U.S.C. 1331, to wit, application and interpretation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et. seq.

1

5. Jurisdiction is proper in the District of New Jersey pursuant to 15 U.S.C. 1692k(d), as the Plaintiff and many of those similarly situated to him, reside in New Jersey and the Defendant is located in New Jersey and transacts business in New Jersey.

## BACKGROUND

6. Defendant regularly collects, or attempt to collect debts due (or claimed to due) another.

7. Defendant collects consumer debts for, among other clients, Capital One Bank (USA), N.A. and related Capital One entities, such as Capital One Auto Finance.

8. On or about October 29, 2008, Plaintiff received a summons and complaint from the Defendant relating a bill alleged to be due to Capital One for his personal credit card.

9. The Special Civil Part summons and complaint seek to collect sums that are not able to collected legally under New Jersey law.

10. Defendant sought to collect "contractual attorney's fees" in the amount of $337.81.

11. Defendant also sought to collect "statutory attorney's fees", available in the Special Civil Part pursuant to N.J.S.A. 22A:2-42, in the amount of $82.86.

12. According to the New Jersey Supreme Court in Lettenmaier v. Lube Connection, 162 N.J. 134 (1999) (and other case law authorities), the attorney fee provisions of the Special Civil Part statute only "comes into play in cases in which counsel fees are not otherwise awardable under the [Court] Rules or under a specific fee shifting provision".

13. The availability of fee-shifting attorneys fees by contractual provision is recognized by New Jersey case law authority and further acknowledged in Pressler, Current N.J. Court Rules, R. 4:42-9, Comment 2.10.

14. Defendant misrepresented the amount due and attempted to "double dip" the counsel fee award by collecting such fees under two different, and mutually exclusive, fee mechanisms.

## CLASS ALLEGATIONS

15. The proposed class consists of all natural persons within the preceding 12 months to whom the Defendant directed pleadings/correspondence similar to that received by the Plaintiff alleging that consumer debts were due to third parties.

16. Defendant has been in the debt collection business for many years and has secured large volume, collection-case generating clients such as Capital One. Defendant actually

markets itself as the "premier debt collection law firm" and maintains offices in New Jersey and New York.

17. Members of the prospective class are so numerous that joinder of all class members is impractical. Plaintiff's good faith belief is that there are at least several hundred class members. The exact number and identities of the class members are currently unknown and can be ascertained from the books/records of the Defendants and/or appropriate discovery.

18. Common questions of law and fact exist as to all members of the class that predominate over any questions affecting any individual class members of the class.

19. Common questions of fact include, but may not be limited to:
    a. What volume of collection materials alleged to violate the Fair Debt Collection Practices Act was sent within the 1 year limitation period of 15 U.S.C. 1692k(d)?
    b. What is the "net worth" of the Defendant?

20. Common questions of law include, but may not be limited to:
    a. Are Defendants "debt collectors" within the purview of 15 U.S.C. 1692a(6)?
    b. May Defendants legally seek to collect and/or represent as due and owing both statutory counsel fees and contractually stipulated counsel fees for the same debt in the same proceeding?
    c. Do the contentions listed in paragraph 8 through 14 constitute a violation of the Fair Debt Collection Practices Act?
    d. What is the meaning of "net worth" within the context of the FDCPA - "book value" or "fair market value"?

21. Plaintiff's claims are typical of the claims of the class and Plaintiff has the same interest as all other members of the class - ensuring Defendant complies with all laws affecting the collection of consumer debts.

22. Plaintiff will fairly and adequately represent and protect the interest of the class. Plaintiff is a person against whom the Defendant directed a pleading/communication that failed to comply with the Fair Debt Collection Practices Act in the manner described in paragraphs 8 to 14.

23. Plaintiff has retained counsel with experience in class action litigation, as well as other complex litigation. The interest of the Plaintiff is coincident to, and not antagonistic to, the interest of other class members.

24. The questions of law and fact common to members of the class predominant over any questions affecting individual class members. The prosecution of separate actions by individual members of the class would result in duplicitous litigation over the same issues

and possibly create a risk of inconsistent or varying adjudications that could result in establishing inconsistent standards of conduct, policies and/or procedures for the Defendant. The Defendant holds policies and/or acts in ways that affect all class members identically.

25. The class action mechanism is superior to other available methods for the fair and efficient adjudication of this controversy.

26. The class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitious litigation. Neither Plaintiff, nor his counsel, will have difficulty managing their respective roles in prosecuting this action as a class action.

## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. 1692 et. seq.

27. Defendant's activities and representations regarding the amount of counsel fees that could be collected from the Plaintiff and those in similar circumstances fails to comply with the Fair Debt Collection Practices Act and constitutes a false or misleading representation under 15 U.S.C. 1692e and/or an unfair practice under 15 U.S.C. 1692f and/or otherwise violates the Act.

*WHEREFORE*, Plaintiff requests judgment as follows:
a. Certifying this matter as a class action;
b. Awarding such sums as appropriate under *15 U.S.C. 1692k*;
c. Awarding counsel fees and costs of suit;
d. Awarding pre-judgment interest;
e. Awarding other such relief as the Court may deem fair and equitable.

FRIEDMAN DOHERTY, LLC
/s/Donald M. Doherty, Jr.
_____
Dated: November 24, 2008          DONALD M. DOHERTY, JR.