UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JAMES SCIOLI, on behalf of          :
himself and all others             :        HONORABLE JOSEPH E. IRENAS
similarly situated,                :            CIVIL ACTION NO.
                                   :           08-cv-5739 (JEI/JS)
            Plaintiff,             :
                                   :              **OPINION**
      v.                           :
                                   :
GOLDMAN & WARSHAW P.C.,            :
                                   :
            Defendant.             :

**APPEARANCES:**

FRIEDMAN DOHERTY, LLC
By: Donald M. Doherty, Jr., Esq.
125 N. Route 73
West Berlin, New Jersey 08091
        Counsel for Plaintiff

LUCAS AND CAVALIER, LLC
By: Matthew S. Marrone, Esq.
126 White Horse Pike, Third Floor
Haddon Heights, New Jersey 08035
        Counsel for Defendant

**IRENAS**, Senior District Judge:

    Plaintiff James Scioli brings this Fair Debt Collection

Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p, class action suit

against Defendant Goldman & Warshaw, P.C. ("Goldman"), the law firm

seeking to collect a debt Plaintiff allegedly owes to non-party

Capital One Bank (USA), N.A. ("Capital One").[1]

    Two issues are raised by Goldman's present Motion to Dismiss the

Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

First, does New Jersey law permit recovery of both contractual

_____

    [1]  This Court has federal question subject matter
jurisdiction pursuant to 28 U.S.C. § 1331.

attorneys fees and statutory attorneys fees in a successful suit to recover a debt?  (See 2nd Amend. Compl. Count 1)  Second, even if New Jersey law permits collection of both fees, could the least sophisticated debtor be deceived by a debt collector including a specific sum of statutory fees in a court summons when the statutory fee is only actually due and owing after judgment is entered for the debt collector? (See 2nd Amend. Compl. Count 2)

The Court concludes that the answer to the first question is yes and the answer to the second question is no.  Accordingly, Goldman's Motion to Dismiss will be granted.

### I.

In October, 2008, Goldman, on behalf of its client, Capital One, filed a lawsuit against Scioli, a Capital One credit card holder, in the Superior Court of New Jersey, Law Division.[2]  The complaint seeks to collect the alleged outstanding balance on Scioli's credit card, demanding judgment of "$3,410.16 plus any additional accrued interest, contractual attorney fees (if applicable) and costs." (State Court Complaint[3])  The accompanying summons contains the

_____

[2]  The parties' litigation in the Law Division is ongoing as of the date of this Opinion.

[3]  The state court complaint and summons are the documents at issue in this case.  While those documents were not physically attached to the Complaint in this case, Goldman has attached them to its motion to dismiss.  Scioli expressly states that he does not object to the Court considering these documents in ruling on the instant motion.  Moreover, the Court need not convert the motion to dismiss to a motion for summary judgment.  *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir.

following itemization in the top right corner of the document:

|                        |            |
|------------------------|------------|
| Demand Amount          | $3,410.16  |
| Filing Fee             | $50.00     |
| Service Fee            | $7.00      |
| Contractual Atty Fee   | $337.81    |
| Statutory Attorney's Fee | $82.86   |
| Total                  | $3,887.83  |

Scioli contends that Goldman violated the FDCPA in the following manner.  Count One of the Second Amended Complaint alleges, "contractual attorney's fees and statutory attorneys [fees] are not legally able to be collected in the same case[;] . . . [therefore] Defendant misrepresented the amount due and attempted to 'double dip' the counsel fee award by collecting such fees under two different, mutually exclusive, fee mechanisms."  (2nd Amend. Compl. ¶¶ 11, 15)

Count Two of the Second Amended Complaint alleges,

> to the extent that it may be possible to collect the two types of [attorney's] fees in one proceeding, the statutory fees are in the nature of taxed costs and are thus not due at the time the statutory fees are represented to the consumer as being due. . . . By including the statutory fees in the _initial_ pleading . . . --when any taxed costs are not due because the litigation has not been successfully concluded in favor of the creditor-- the total debt due is being misrepresented,

_____

1997) (explaining, "a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment.")  While the deposition transcript of Mr. Warshaw, of Defendant Goldman & Warshaw was submitted in connection with the instant motion, the Court has determined that the information contained in the transcript is unnecessary to the resolution of the motion, and the Court has not relied on it in reaching the decision in this case.

the debtor is confused as to what sums are necessary to
satisfy the debt and / or the Defendant is attempting to
collect a debt in [a] fashion . . . not permitted by the
FDCPA.

(2nd Amend. Compl. ¶¶ 11, 18) (emphasis in original)

Goldman moves to dismiss both Counts, arguing that: (1) it may
legally collect both contractual and statutory attorneys fees; and
(2) stating, at the outset of the case, the amount of statutory
attorneys fees due is not deceptive.

## II.

Federal Rule of Civil Procedure 12(b)(6) provides that a court
may dismiss a complaint "for failure to state a claim upon which
relief can be granted."  In order to survive a motion to dismiss, a
complaint must allege facts that raise a right to relief above the
speculative level.  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555
(2007); *see also* Fed. R. Civ. P. 8(a)(2).  While a court must accept
as true all allegations in the plaintiff's complaint, and view them
in the light most favorable to the plaintiff, *Phillips v. County of
Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008), a court is not required
to accept sweeping legal conclusions cast in the form of factual
allegations, unwarranted inferences, or unsupported conclusions.
*Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).
The complaint must state sufficient facts to show that the legal
allegations are not simply possible, but plausible.  *Phillips*, 515
F.3d at 234.  "A claim has facial plausibility when the plaintiff

4

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

## III.

With respect to the actions of debt collectors[4], the FDCPA prohibits "false or misleading representations," 15 U.S.C. § 1692e, and "unfair practices," 15 U.S.C. § 1692f.  Insofar as relevant to the present suit,

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> . . .
>
> (2) The false representation of–
>
>> (A) the character, amount, or legal status of any debt; or
>>
>> (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

15 U.S.C. § 1692e(2)(A)-(B).

A debt collector may not use unfair or unconscionable

---

[4] "The term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6).  Goldman does not assert that it is not a "debt collector" within the meaning of the FDCPA; therefore this Opinion assumes that the FDCPA applies to Goldman.

means to collect or attempt to collect any debt.  Without
limiting the general application of the foregoing, the
following conduct is a violation of this section:

(1) The collection of any amount (including any interest,
fee, charge, or expense incidental to the principal
obligation) unless such amount is expressly authorized by
the agreement creating the debt or permitted by law.

15 U.S.C. § 1692f(1).

Scioli asserts that Goldman's actions violate both §
1692e(2)(A)-(B) and § 1692f(1).


**A.**

As already stated, the first issue presented is whether New
Jersey law permits recovery of both contractual attorneys fees and
statutory attorneys fees in a successful suit to recover a debt.  In
this case, the contractual attorneys fees are the fees to which
Goldman is undisputedly (at least for purposes of this litigation[5])
entitled under Scioli's Customer Agreement with Capital One; and the
statutory fees are the fees described in N.J.S.A. 22A:2-42.[6]  If
recovery of both is not permitted, then Goldman apparently does not
dispute that seeking to recover both is a "false representation of .
. . compensation which may be lawfully received by any debt collector

_____

[5]   Scioli might well dispute the contractual attorneys fees
in the underlying state court litigation.

[6]   "There shall be taxed by the clerk of the Superior Court,
Law Division, Special Civil Part in the costs against the
judgment debtor, a fee to the attorney of the prevailing party,
of five per centum (5%) of the first five hundred dollars
($500.00) of the judgment, and two per centum (2%) of any excess
thereof."  N.J.S.A. 22A:2-42.

for the collection of a debt," 15 U.S.C. § 1692e(2)(B), and is an "attempt to collect . . . [a] fee, charge, or expense incidental to the principal obligation . . . [which is not] permitted by law," 15 U.S.C. § 1692f(1).  On the other hand, if Goldman may legally collect both the contractual and statutory attorneys fees, then (subject to the Court's analysis of Scioli's second claim, *infra*) Goldman has not made a false representation as to the compensation it may receive, *see* § 1692e(2)(B), nor attempted to collect a fee that is not authorized by law, *see* § 1692f(1).

As the parties' briefs demonstrate, the answer to this question mainly depends on this Court's interpretation and application of *Bancredit, Inc. v. Bethea,* 65 N.J. Super. 538 (App. Div. 1961).  In *Bethea*, a judgment of $448.99 was entered in favor of Bancredit, which a jury found to be the holder in due course of a promissory note the Betheas executed in conjunction with the sale of a car.  *Id.* at 542.  The Betheas appealed, asserting various merits arguments[7], and also asserting that the trial judge erred in allowing a "'double attorney's fee'" to plaintiff's counsel.  *Id.* at 551.  The trial court awarded Bancredit attorney's fees in accordance with the provisions of the promissory note (providing for a "15% counsel fee" as part of "expenses of collection") and then also awarded statutory

---

[7] The Betheas argued that the trial court erred in rejecting their defenses of fraud in the factum and Lynn Bethea's infancy.  *Bethea*, 65 N.J. Super. at 544-50.  The court affirmed the trial court's ruling with regard to fraud in the factum and reversed and remanded on the issue of Lynn Bethea's infancy.  *Id.* at 553.

attorneys fees pursuant to N.J.S.A. 22A:2-42.  *Id.* at 551-52.

The Appellate Division affirmed, explaining,

We find neither inconsistency nor repetition in the
court's allowance of both these amounts.  The 15% Award
was a recognition of the parties' contractual arrangement.
. . . It was properly included in the formal judgment.
While the amount is designated as 'attorney's fees,' it is
in effect a reimbursement or indemnification of
[Bancredit] for estimated legal expenses in effecting
collection.  It is not conditioned upon the actual
institution of suit.  Moreover, the obligation created in
the note is the property of [Bancredit] and not of [its]
attorney.  The attorney must still depend, for his
compensation, on the credit of his client or on prompt
attachment of his statutory lien.  The 5% Allowance, on
the other hand, is tied to the successful prosecution of
suit in the county district court, and is payable directly
to the attorney.  As a taxed cost of litigation, it is in
the nature of a statutorily authorized penalty against the
judgment debtor, saddling him with the burden of
compensating the creditor's attorney for the latter's
litigational duties.
. . .

. . . [W]e accept [the trial court's] altogether logical
recognition of the distinction between a contractual
arrangement to cover any and all legal expenses attendant
upon collection, regardless of whether suit is instituted,
and a statutory court-imposed cost allowed solely for the
prosecution of suit to final judgment.

*Bethea*, 65 N.J. Super. at 552-53.

Goldman relies on *Bethea's* holding-- that the trial court did
not err in awarding both contractual legal expenses and attorney fees
pursuant N.J.S.A. 22A:2-42-- to assert that it may lawfully collect
attorneys fees pursuant to the Customer Agreement and 22A:2-42.
Scioli, on the other hand, distinguishes *Bethea*.

Scioli asserts that the promissory note clause at issue in
*Bethea* did not provide for "an award of compensatory counsel fees,"
rather, it was "a liquidated damages provision couched in the context

8

of an attorney's fee award." (Pl's Br. at p. 4)  In contrast, Scioli

argues, the Customer Agreement clause at issue here is a true "fee

shift" provision, not a liquidated damages provision.  (Id. at p. 5)

Scioli reasons that this difference is critical: *Bethea's* result was

correct because an award pursuant to N.J.S.A. 22A:2-42 is the

"default provision" in the absence of a contractual fee shift.  (Id.

at p. 5, n.6)  But in this case, the contract contains a fee shift

provision, which is not a liquidated damages clause (Scioli

contends), therefore Goldman may not also collect fees pursuant to

N.J.S.A. 22A:2-42.

While Scioli's conceptual distinction between a fee shift

provision and a liquidated damages clause is interesting, the Court

is not persuaded that the Customer Agreement here is meaningfully

different from the promissory note in *Bethea*, regardless of the

labels one might ascribe to the clauses at issue.  The promissory

note in *Bethea* provided:

> If any installment of this note is not paid when due, then
> all installments hereof shall immediately become due and
> payable at the option of the holder hereof, without notice
> or demand, and the undersigned hereby *agrees to pay all*
> *expenses of collection including 15% Attorney's fees if*
> *placed in the hands of an attorney for collection.*

65 N.J. Super. at 551 (emphasis added).

The Customer Agreement in this case provides, in relevant part:

> At any time following any default under this Agreement .
> . . you will be subject to paying interest, finance
> charges and other fees pursuant to the terms of this
> Agreement . . . To the extent permitted by applicable law,
> *you agree to pay us all of our actual court costs,*
> *collection expenses and attorney's fees incurred by us in*
> *the collection of any amount you owe us under this*

9

*Agreement.*

(Ex. B to Goldman's Motion to Dismiss) (emphasis added).

The *Bethea* court based its reasoning on the distinction between agreeing to pay collection costs (which do not necessarily include costs of litigation) and the statutory fee provision which only applies after judgment is entered. Here, as in *Bethea*, the parties' contract speaks of "collection expenses . . . incurred by us in the collection of any amount you owe us." Indeed, the contract here is even more clear in the distinction because it separately identifies "actual court costs." Thus, the Court finds no meaningful difference between *Bethea* and this case, therefore the holding of *Bethea* must apply here.[8]  Goldman may legally collect attorney's fees pursuant to both the Customer Agreement and N.J.S.A. 22A:2-42.

The Court reaches this conclusion notwithstanding Scioli's additional argument that *Bethea* "is a rogue decision by a lower court not empowered to make public policy." (Pl's Br. at p. 6) Specifically, Scioli argues that *Bethea's* characterization of N.J.S.A. 22A:2-42 as a "statutorily authorized penalty," 65 N.J. Super. at 552, must be disregarded because it cannot be reconciled with the New Jersey Supreme Court's discussion of the American Rule

_____

[8]  Because there is no New Jersey Supreme Court case directly addressing the issue presented, this Court follows *Bethea*. *See Fidelity Union Trust Co. v. Field*, 311 U.S. 169, 178 (1940) ("The highest state court is the final authority on state law but . . . [a]n intermediate state court in declaring and applying the state law, . . . in the absence of more convincing evidence of what the state law is, should be followed by a federal court in deciding a state question.").

10

regarding attorney's fees. *See In re Niles,* 176 N.J. 282 (2003).
However, the Court finds no conceptual conflict between *Bethea* and
*Niles*.

First, it should be noted that *Niles* created an *exception* to the
American Rule "which *generally* does not permit a prevailing party to
recover counsel fees from a losing party." 176 N.J. at 286 (emphasis
added). Thus *Niles* itself demonstrates that, in limited
circumstances, a prevailing party *may* legally recover counsel fees.
Indeed, Scioli acknowledges that one of the most common exceptions to
the American Rule-- the contract exception-- applies in this case.
Scioli does not (and cannot) contend that the attorney's fee
provision in the Customer Agreement is unenforceable under the
American Rule.

Scioli does contend, however, that by allowing recovery of both
contractual and statutory fees, *Bethea* violates the general spirit of
the American Rule, the purpose of which is to "ensur[e] equity by not
penalizing persons for exercising their right to litigate a dispute,
even if they should lose." *Niles*, 176 N.J. at 294. The flaw in
Scioli's reasoning is that the "penalty" at issue in *Bethea*, and
here, is a penalty created by statute and statutory fee shifting
provisions are another common exception to the American Rule. *See
Niles*, 176 N.J. at 293, 296. Separate exceptions to the American
Rule allow recovery of both types of attorney's fees at issue in this

11

case, and the American Rule, as discussed in *Niles,* is not violated.[9]

In conclusion, the Court holds that *Bethea* is not meaningfully distinguishable from the present case and is not in direct conflict with New Jersey Supreme Court precedent.  As such, the Court must conclude that New Jersey law permits recovery of both the contractual and statutory fees at issue here, therefore Scioli has not pled a violation of the FDCPA.  Accordingly, Goldman's Motion to Dismiss Count 1 of the Second Amended Complaint will be granted.

**B.**

---

[9]  Scioli also relies upon two other New Jersey Supreme Court opinions: *U.S. Pipe v. United Steelworkers of America*, 37 N.J. 343 (1962) and *Lettenmaier v. Lube Connection, Inc.*, 162 N.J. 134 (1999).  Neither change this Court's conclusion because neither addresses the issue presented here.

*U.S. Pipe* addressed the availability of attorney's fees under New Jersey's Anti-Injunction Act (applicable in labor disputes), and reached a holding that seems to undermine Scioli's argument.  *See U.S. Pipe*, 37 N.J. at 356 ("This case holds that . . . the allowance of both costs and counsel fees [in cases falling within section 53 of the Anti-Injunction Act] is mandatory and not merely discretionary.").

*Lettenmaier* also addressed a very different issue: "whether counsel fees under the Consumer Fraud Act (N.J.S.A. 56:8-19) should be considered part of the 'amount in controversy' in calculating the $10,000 jurisdictional limit" of the Superior Court's Special Civil Part.  162 N.J. at 135.  *Lettenmaier* does make passing reference to N.J.S.A. 22A:2-42, but the court's one-sentence, ambiguous description of the statute's operation, *see* 162 N.J. at 138 ("That statute only comes into play in which counsel fees are not otherwise awardable under the Rules or under a specific fee-shifting provision."), in a case where N.J.S.A. 22a:2-42 was not at issue and *Bethea* is not cited, is insufficient authority to support a conclusion that *Bethea* is no longer good law.  Moreover, the case *Lettenmaier* cites in support of the above-quoted sentence, *Alba v. Sopher*, 296 N.J. Super 501 (App. Div. 1997), dealt with a specific fee-shifting provision *in another statute*, suggesting that the sentence was not meant to address fee-shifting provisions in contracts.

Scioli further contends that including the statutory fees in the summons is a deceptive practice under the FDCPA[10] because those fees are contingent upon Capital One prevailing in the lawsuit[11], an event which, of course, cannot have occurred by the time of service. Goldman, on the other hand, asserts that the statutory fee notation on the summons is merely a "request," "recommendation," or "suggestion" and therefore cannot be a misrepresentation as a matter of law.

"'Lender-debtor communications potentially giving rise to claims under the FDCPA should be analyzed from the perspective of the least sophisticated debtor.'" *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (quoting *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 454 (3d Cir. 2006)). The least sophisticated debtor standard is not a reasonable debtor standard; "'[a] communication that would not deceive or mislead a reasonable debtor might still deceive or mislead the least sophisticated debtor.'" *Id.* However, the least sophisticated debtor standard does not impose liability based on "'bizarre or idiosyncratic interpretations'" of communications. *Id.* (quoting *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000)). Even the least sophisticated debtor is presumed to have "a

---

[10]   Scioli advances other theories of recovery in his brief. He asserts that Goldman altered the basic court summons form by typing its own itemization of costs and fees in the corner of the form, and that the complaint omits the statutory fee appearing on the summons. Because neither theory is pled in the Second Amended Complaint, the Court does not address them in this Opinion.

[11]   *See* N.J.S.A. 22A:2-42, quoted *supra* at n.6.

13

basic level of understanding and willingness to read with care."
*Id.; see also Campuzano-Burgos v. Midland Credit Mgmt.*, 550 F.3d 294,
301 (3d Cir. 2008) ("Even the least sophisticated debtor possess[es]
some common sense."}.

When addressing claims under § 1692e, the question is whether
the allegedly deceptive communication "'can be reasonably read [by
the least sophisticated debtor] to have two different meanings, one
of which is inaccurate.'" *Rosenau*, 539 F.3d at 223 (quoting
*Quadramed Corp.*, 225 F.3d at 354).[12]

Applying this standard, the Court holds that even the least
sophisticated debtor could not reasonably believe that he owed
$3,887.83, which includes the $82.86 Statutory Attorney's Fee, at the
outset of the state court litigation.  An unsophisticated debtor is
presumed to have read the summons and complaint, and after reading
those documents, he could only conclude that Goldman had *initiated* a
lawsuit *seeking* the amounts itemized on the summons.

The summons, which is a form created by the State of New Jersey,
not Goldman, specifically states on the first page, "[i]n the
attached complaint, the person suing you (who is called the
plaintiff). . . briefly tells the court his or her version of the
facts of the case *and how much money he or she claims you owe*. . . .

---

[12]  While the Second Amended Complaint somewhat imprecisely
seems to assert that Goldman's actions alleged in Count 2 violate
both §§ 1692e and 1692f, given the Court's ruling with respect to
Count 1, Goldman could not have violated § 1692f because Goldman
may legally collect the statutory fee.  *See* § 1692f (prohibiting
the collection of any fee "*unless such amount is . . . permitted
by law*.") (emphasis added).

14

[I]f you do not answer the complaint, you may lose the case automatically, *and the court may give the plaintiff what the plaintiff is asking for, plus interest and court costs*."  N.J. Ct. R. App'x XI-A(1)[13] (emphasis added)

On the second page of the New Jersey form of summons, in the top right corner, appears an itemized list of fees (with blanks for the amount of fees) almost identical to the list Goldman used:

| | |
|---|---|
| Demand Amount | $_____ |
| Filing Fee | $_____ |
| Service Fee | $_____ |
| Attorney's Fees | $_____ |

N.J. Ct. R. App'x XI-A(1).[14]  Thus, Scioli essentially asks this Court to hold that the form summons created by the State of New Jersey, and used by countless lawyers and non-lawyers throughout the State, violates the FDCPA.  But such a holding would defy common sense and would not further the goals of the FDCPA.  Contrary to Scioli's contention, *using* the form summons-- a form specifically

---

[13]  *Available at* http://www.judiciary.state.nj.us/civil/ forms/10536.pdf.  Notably, such forms are easily accessible to the public through the New Jersey Judiciary's website.  A web page entitled, "Represent Yourself in Court (Pro Se) Self-Help Resource Center," provides, among other things, links to the New Jersey Court Fee Schedule and a link to the form summons for the Special Civil Part.  *See* http://www.judiciary.state.nj.us/ prose/index.htm#civil.  (Copies of the web pages cited are attached to this Opinion.)

[14]  Goldman separately identified statutory attorney's fees, which avoids any confusion regarding the two types of attorney's fees sought: attorney's fees that may be due under the Customer Agreement and the statutory fee.

15

created for the unsophisticated defendant-- helps to ensure that even the least sophisticated debtor will understand the true "character, amount, or legal status" of his debt.  15 U.S.C. § 1692e(2)(A). Indeed, as Goldman observes, *failing* to separately itemize the various fees sought could be misleading.[15]

All of the items listed on the summons are only due after a judgment is entered.  As noted previously, the Statutory Attorney's Fee is a taxed cost which is only due after judgment is entered. N.J.S.A. 22A:2-42 ("There shall be taxed by the clerk . . . in the costs against the judgment debtor. . . ."); *see also Bethea,* 65 N.J. Super. at 552-53 (describing the fee assessed pursuant to N.J.S.A. 22A:2-42 as a "taxed cost").  Likewise, the Filing Fee and the Service Fee are statutory fees to be "charged by the clerk." N.J.S.A. 22A:2-37.1.  Yet Scioli does not even allege that the Filing Fee, Service Fee, the Contractual Attorney's Fee, nor the demand amount, are somehow deceptive.  Indeed, for the reasons already explained, the form of summons would make clear to an unsophisticated debtor that the fees may be due if the plaintiff prevails in the lawsuit.

Thus, the Court holds that the least sophisticated debtor could not reasonably conclude that the "Statutory Attorney's Fee" of $82.86 listed on the summons was due and owing at the outset of the

---

[15]  To be clear, the Court does not hold that a debt collector *must* itemize the fees and costs it seeks in order to comply with the FDCPA.  The Court only holds that under the facts of this case, Goldman did not violate the FDCPA by including an itemization on the summons.

litigation, therefore Scioli has failed to state a claim for relief under § 1692e.  Accordingly, Goldman's Motion to Dismiss Count 2 of the Second Amended Complaint will be granted.

## IV.

For the foregoing reasons, Goldman's Motion to Dismiss will be granted in its entirety.  An appropriate Order accompanies this Opinion.

Date:     September / , 2009      _____
                                  Joseph E. Irenas, S.U.S.D.J.

17

**APPENDIX XI-A(1)**
**SUMMONS AND RETURN OF SERVICE**



**THE SUPERIOR COURT OF NEW JERSEY**
**Law Division, Special Civil Part**

**SUMMONS**

**YOU ARE BEING SUED!**
**IF YOU WANT THE COURT TO HEAR YOUR SIDE OF THIS LAWSUIT, YOU MUST FILE A WRITTEN ANSWER WITH THE COURT WITHIN 35 DAYS OR THE COURT MAY RUL E AGAINS T YOU.  READ AL L OF THIS PAGE AND THE NEXT PAGE FOR DETAILS.**

In the attached complaint, the person suing you (who is called *the plaintiff*) briefly tells the court his or her version of the facts of the case and how much money he or she claims you owe.  **You are cautioned that if you  do not answer the comp laint, you may lose the cas e automatically,** and the court may give the plaintiff what the plaintiff is asking for, plus interest and court costs.  If a judgment is entered against you, a Special Civil Part Officer may seize your money, wages or personal property to pay all or part of the judgment and the judgment is valid for 20 years.

**You can do one or more of the following things:**

1. *Answer the complaint.*  An answer form is available at the Office of the Clerk of the Special Civil Part.  The answer form shows you how to respond in writing to the claims stated in the complaint. If you decide to answer, you must send it to the court's address on page 2 and pay a $15 filing fee with your answer and send a copy of the answer to the plaintiff's lawyer or to the plaintiff if the plaintiff does not have a lawyer.  Both of these steps must be done **within 35 days (including weekends)** from the date you were "served" (sent the complaint).  That date is noted on the next page.

**AND/OR**

2. *Resolve the dispute.*  You may wish to contact the plaintiff's lawyer, or the plaintiff if the plaintiff does not have a lawyer, to resolve this dispute. **You do not have to do this unless you want to.** This may avoid the entry of a judgment and the plaintiff may agree to accept payment arrangements, which is something that cannot be forced by the court.  Negotiating with the plaintiff or the plaintiff's attorney will not stop the 35-day period for filing an answer unless a written agreement is reached and filed with the court.

**AND/OR**

3. *Get a lawyer.*  If you cannot afford to pay for a lawyer, free legal advice may be available by contacting Legal Services at _____ .  If you can afford to pay a lawyer but do not know one, you may call the Lawyer Referral Services of your local county Bar Association at _____ .

If you need an interpreter or an accommodation for a disability, you must notify the court immediately.

**La traducción al español se encuentra al dorso de esta página.**

Effective 9/2002

_____
Clerk of the Special Civil Part



## EL TRIBUNAL SUPERIOR DE NUEVA JERSEY
### División de Derecho, Parte Civil Especial
## NOTIFICACIÓN DE DEMANDA

### ¡LE ESTÁN HACIENDO JUICIO!
### SI UD. QUIERE QUE EL TRI BUNAL VE A SU VERSIÓN DE ES TA CAUSA, TIENE QUE PRESENTAR UNA CONTESTACIÓN ESCRITA EN EL TRIBUNAL DENTRO DE UN PERÍODO DE 35 DÍAS O ES POSIBLE QUE EL TRIBUNAL DICTAMINE EN SU CONTRA. PARA LOS DETALLES, LEA TODA ESTA PÁGINA Y LA QUE SIGUE.

En la demanda adjunta, la persona que le está haciendo juicio (que se llama *el demandante*) da al juez su versión breve de los hechos del caso y la suma de dinero que alega que Ud. le debe. **Se le advierte que si Ud. no contesta la demanda, es posible que pierda la causa automáticamente** y que el tribunal dé al demandante lo que pide más intereses y costas. Si se registra una decisión en su contra, es posible que un Oficial de la Parte Civil Especial (Special Civil Part Officer) e mbargue su dinero, salario o bienes muebles para pagar toda o parte de la adjudicación, y la adjudicación tiene 20 años de vigencia.

**Usted puede escoger entre las siguientes opciones:**

1. *Contestar la demanda*. Puede conseguir un formulario de contestación en la Oficina del Secretario de la Parte Civil Especial. El formulario de contestación le indica cómo responder por escrito a las alegaciones expuestas en la demanda. Si Ud. decide contestar, tiene que enviar su contestación a la dirección del tribunal que figura en la página 2, pagar un gasto de iniciación de la demanda de $15 dólares y enviar una copia de la contestación al abogado del demandante, o al demandante si el demandante no tiene abogado. Tiene **35 días (que incluyen fines d e semana)** para hacer los trámites a partir de la fecha en que fue "notificado" (le enviaron la demanda). Esa fecha se anota en la página que sigue.

### ADEMÁS, O DE LO CONTRARIO, UD. PUEDE

2. *Resolver la disputa*. Posiblemente Ud. quiera comunicarse con el abogado del demandante, o el demandante si el demandante no tiene abogado, para resolver esta disputa. **No tiene que hacerlo si no quiere.** Esto puede evitar que se registre una adjudicación y puede ser que el demandante esté de acuerdo con aceptar un convenio de pago lo cual es algo que el juez no puede imponer. Negociaciones con el demandante o el abogado del demandante no suspenderán el término de 35 días para registrar una contestación a menos que se llegue a un acuerdo escrito que se registra en el tribunal.

### ADEMÁS, O DE LO CONTRARIO, UD. PUEDE

3. *Conseguir un abogado*. Si Ud. no tiene dinero para pagar a un abogado, es posible que pueda recibir consejos legales gratuitos comunicándose con Servicios Legales (Legal Services) al _____. Si tiene dinero para pagar a un abogado pero no conoce ninguno puede llamar a Servicios de Recomendación de Abogados (Lawyer Referral Services) del Colgeio de Abogados (Bar Association) de su condado local al _____.

Si necesita un intérprete o alguna acomodación para un impedimento, tiene que notificárselo inmediatamente al tribunal.

_____
Secretario de la Parte Civil Especial

**SPECIAL CIVIL PART SUMMONS AND RETURN OF SERVICE – PAGE 2**

**Plaintiff or Plaintiff's Attorney Information:**

Name:

_____

Address:

_____

_____

Telephone No.: ( ____ ) _____ - _____

_____

_____, Plaintiff(s)

versus

_____

_____, Defendant(s)

| | |
|---|---|
| Demand Amount: | $ _____ |
| Filing Fee: | $ _____ |
| Service Fee: | $ _____ |
| Attorney's Fees: | $ _____ |
| **TOTAL** | $ 0 _____ |

**SUPERIOR COURT OF NEW JERSEY**

**LAW DIVISION, SPECIAL CIVIL PART**

_____COUNTY

_____

_____

( ____ ) _____ - _____

**Docket No:** _____

(to be provided by the court)

**Civil Action**

**SUMMONS**

(Circle one): ☐ Contract    or    ☐ Tort

**Defendant(s) Information:  Name, Address & Phone:**

_____

_____

_____

_____

_____

_____

**Date Served:** _____

**RETURN OF SERVICE IF SERVED BY COURT OFFICER** (For Court Use Only)

Docket Number _____ Date _____ Time _____

WM _____ WF _____ BM _____ BF _____ OTHER _____

HT _____ WT _____ AGE _____ HAIR _____ MUSTACHE _____ BEARD _____ GLASSES _____

NAME: _____ RELATIONSHIP: _____

Description of Premises _____

_____

I hereby certify the above to be true and accurate:

_____

Court Officer

**RETURN OF SERVICE IF SERVED BY MAIL** (For Court Use Only)

    I, _____, hereby certify that on _____, I mailed a copy of the within summons
and complaint by regular and certified mail-return receipt requested.

_____

Employee Signature



**Judiciary Home**



# Represent Yourself in Court (Pro Se)
## Self-Help Resource Center

Welcome to the New Jersey Courts On-Line Self-Help Center. The services offered here include general information about representing yourself in court, what the court can and cannot do for you, contact information, brochures, forms and kits. The New Jersey Judiciary prepared these materials for individuals who choose to represent themselves in some legal matters. (Someone who chooses to represent himself or herself in a court proceeding is often referred to as *pro se* which is a Latin term that means *for self*.)

The information provided may not be appropriate for your situation. It is not legal advice and should not be substituted for it. If you have legal questions you should contact a lawyer.

If you have a problem accessing a form or publication, please check our form help page. If you continue to have problems please contact the Webmaster.

If you have questions regarding the materials offered here, you may contact the ombudsman in the county where your papers will be filed.

Civil Division | Criminal Division | Family Division | Municipal | Interstate Child Support
NJ Child Support | Probation Divison | Tax Court | Appellate Division | Supreme Court
Miscelaneous Forms | Legal Practice Forms

General Information for Self-Represented Litigants
How to Download Court Forms
Tips for Completing and Filing Court Forms
Ombudsman Program
Legal Resource Room
Legal Services
State of New Jersey Court Fees (revised: 04/01/2009)
Court User Satisfaction Survey **NEW**

### Civil Division

| Catalog Number (CN) | Form, Kit, or Brochure Title / Título del formulario, documento o folleto | Revision Date / Enmendado | Type / Tipo | PDF |
|---|---|---|---|---|
| -- | Guide to the New Jersey Civil Courts | 11/2007 | Information | |
| -- | Civil Practitioners' Guide | 05/2009 | Information | |
| | **Superior Court Directories** (These directories contain up-to-date contact information and should be used in lieu of contact information contained in individual self-help packets.) | | | |
| 11237 | Directory of Civil Division County Offices | 07/2009 | Information | |
| | Español Guía de las Oficinas de la División Civil de los Condados | 07/2009 | Información | |
| 10150 | Directory of Superior Court Special Civil Part Clerk's Offices | 07/2009 | Information | |
| | Español Lista de las oficinas de los secretarios de la parte civil de los tribunales superiores | 07/2009 | Información | |

Represent Yourself in Court                                                                 Page 2 of 7

| | | | | |
|---|---|---|---|---|
| 10153 | Directory of Superior Court Deputy Clerk's Offices County Lawyer Referral and Legal Services Offices | 07/2009 | Information | 📄 |
| | Español Guía de las Oficinas de los Subsecretarios del Tribunal Superior Recomendación de Abogados de los Condados y Oficinas de Servicios Legales | 07/2009 | Información | 📄 |

**Chancery Division, Probate Part**

| | | | | |
|---|---|---|---|---|
| 10558 | How to Become the Legal Guardian of a Person Receiving Services From the Division of Developmental Disabilities | 02/01/2002 | Kit | 📄 |

**Foreclosure Mediation - To Be Completed by Homeowner/Borrower**

| | | | | |
|---|---|---|---|---|
| 11268 | HUD/NJHMFA Certified Housing Counselor Instructions - Mediation Recommendations | 06/22/2009 | Form | 📄 |
| 11269 | Foreclosure Mediation Financial Worksheet | 12/26/2008 | Form | 📄 |
| 11270 | Borrower Instructions Mediation Request | 06/22/2009 | Form | 📄 |
| | Español   Instrucciones para prestatarios que solicitan la mediación | 06/22/2009 | Formulario | 📄 |
| 11275 | Mediation Request Instructions - Sheriff Sale Stay | 06/22/2009 | Form | 📄 |
| 11277 | Notice of Motion to Stay Sheriff's Sale and Referral to Mediation | 06/22/2009 | Kit | 📄 |
| | Español   Instrucciones para el aviso de un pedimento para la suspensión de la venta judicial y la solicitud de mediación | 06/22/2009 | Paquete | 📄 |
| 11284 | Notice of Foreclosure Mediation Availability | 06/22/2009 | Poster | 📄 |
| | Español   Aviso! Hay mediación a su disposición en ejecuciones hipotecarias | 06/22/2009 | afiche | 📄 |

**Additional Foreclosure Mediation information can be found on the Legal Practice Forms page.**

**Special Civil Part (up to $15,000)**

| | | | | |
|---|---|---|---|---|
| -- | Special Civil Part FAQs | -- | Web Page | page |
| 10281 | Special Civil: A Guide to the Court | 09/01/2007 | Brochure | 📄 |
| | Español Guía del tribunal civil especial | 09/01/2007 | Folleto | 📄 |
| 10541 | How to Sue for an Amount of Money Up To $15,000 | 11/2007 | Kit | 📄 |
| | Forms contained in this file include: | | | |
| |     Form A - Special Civil Part Complaint | | | |
| |     Form B - Special Civil Part Summons | | | |
| 10542 | How to Answer a Complaint in the Special Civil Part | 03/01/2006 | Kit | 📄 |
| | Forms contained in this file include: | | | |
| |     Form A - Special Civil Answer | | | |
| 10543 | How to File a Motion in the Special Civil Part | 07/2008 | Kit | 📄 |
| 10544 | How to Request a Judgment or Dismissal Without a Trial (Summary Judgment) | 10/31/2006 | Kit | 📄 |
| | Forms contained in this file include: | | | |
| |     Form A - Notice of Motion for Summary Judgment / Certification of Service | | | |
| |     Form B - Certification in Support of a Motion for Summary Judgment | | | |
| |     Form C - Order for Summary Judgment | | | |
| 10914 | How To Request a Default Judgment in the Superior Court Of New Jersey - Special Civil Part  (Small Claims and Regular Special Civil Part Cases) | 05/11/2007 | Kit | 📄 |
| 10915 | How to File a Motion to Dismiss the Complaint or to Strike the Answer for Failure to Answer Interrogatories in the Special Civil Part - Print Only | 12/28/2006 | Kit | 📄 |
| 10916 | How to Apply for the Return of Your Personal Property or to Return to Your Rental Premises - Print Only | 12/28/2006 | Kit | 📄 |

**Small Claims**

| | | | | |
|---|---|---|---|---|
| -- | Small Claims FAQs | -- | Web Page | page |
| 10290 | Small Claims | 09/01/2007 | Brochure | 📄 |
| | Español Reclamaciones de menor cuantía | 09/01/2007 | Folleto | 📄 |
| 10148 | How to Sue in Small Claims Court Up to $3,000 - Motor Vehicle | 11/2007 | Kit | 📄 |
| | Forms contained in this file include: | | | |
| |     Form A - Small Claims Complaint-Motor Vehicle | | | |
| |     Form B - Small Claims Summons | | | |
| 10151 | How to Sue in Small Claims Court Up to $3,000 - Non-Motor Vehicle | 11/2007 | Kit | 📄 |
| | Español Cómo entablar una demanda en el tribunal de reclamaciones de | 11/2007 | Paquete | 📄 |

menor cuantía - casos no relacionados con un vehículo motorizado
Forms contained in this file include:
Form A - Small Claims Complaint-Contract or Tort
Form B - Small Claims Summons

### Collecting After You Win in Small Claims or Special Civil Part

| | | | | |
|---|---|---|---|---|
| 10282 | Collecting a Money Judgment | 07/2008 | Brochure | |
| | Español El cobro de un fallo monetario | 07/2008 | Folleto | |
| 10546 | How to Get Financial Information About Someone Who Owes You Money | 09/01/2004 | Kit | |

Forms contained in this file include:
Form A - Notice of Motion to Enforce Litigant's Rights
Form B - Certification in Support of Motion to Enforce Litigant's Rights
Form C - Order to Enforce Litigant's Rights
Form D - Certification in Support of Application for Arrest Warrant
Form E - Warrant for Arrest

| | | | | |
|---|---|---|---|---|
| 10547 | How to Ask the Court to Order a Bank to Turn Over Funds That Have Been Frozen | 03/01/2006 | Kit | |

Forms contained in this file include:
Form A - Notice of Motion to Turn Over Funds
Form B - Certification of Service
Form C - Order for Turn Over of Funds

| | | | | |
|---|---|---|---|---|
| 10548 | How to Ask the Court to Order a Wage Execution in a Special Civil Part Case | 07/24/2009 | Kit | |

Forms contained in this file include:
Form A: Notice of Application for Wage Execution
Form B: Certification in Support of Application for Wage Execution

### Landlord-Tenant Court

| | | | | |
|---|---|---|---|---|
| -- | Landlord - Tenant FAQs | -- | Web Page | page |
| 10289 | Information for Landlords | 11/2007 | Brochure | |
| | Español Información para los propietarios | 11/2007 | Folleto | |
| 10288 | Information for Tenants | 11/2007 | Brochure | |
| | Español Información para los inquilinos | 11/2007 | Folleto | |
| 10822 | Tenancy Summons and Return of Service | 09/01/2006 | Form | |
| 10512 | Certification by Landlord (Court Rules Appendix XI-T) | 09/01/2008 | Form | |
| 10513 | Certification by Landlord's Attorney (Court Rules Appendix XI-U) | 09/29/2005 | Form | |
| 11252 | Verified Complaint Landlord/Tenant (Court Rules Appendix XI-X) | 09/01/2009 | Form | |

### Civil Part - Law Division

| | | | | |
|---|---|---|---|---|
| -- | Civil FAQs | -- | Web Page | page |
| 10792 | Summons (To be used with CN 10553 - How to File a Complaint) | 07/2008 | Form | |
| 10519 | Docketing Foreign Judgments | 7/30/2009 | Instructions/ Form | |

Forms contained in this file include:
Instructions
Form A: Affidavit in Support of Application to Record a Foreign Judgment in New Jersey

| | | | | |
|---|---|---|---|---|
| 10553 | How to File a Complaint in the Superior Court of New Jersey - Law Division - Civil Part | 04/2008 | Kit | |
| 10554 | How to File an Answer to a Complaint in the Superior Court of New Jersey - Law Division - Civil Part | 04/2008 | Kit | |
| 10555 | How to File a Motion in the Superior Court of New Jersey - Law Division - Civil Part | 04/2008 | Kit | |
| 10556 | How to File a Response to a Motion in the Superior Court of New Jersey - Law Division - Civil Part | 04/2008 | Kit | |

### Name Change

| | | | | |
|---|---|---|---|---|
| 10552 | How to Ask the Court to Change Your Name - Minor | 06/2009 | Kit | |
| 10551 | How to Ask the Court to Change Your Name - Adult | 06/2009 | Kit | |

**Additional Civil Division forms are available on the Legal Practice Forms page.**

## Criminal Division

| Catalog Number (CN) | Form, Kit, or Brochure Title<br>*Título del formulario, documento o folleto* | Revision Date<br>*Enmendado* | Type<br>*Tipo* | PDF |
|---|---|---|---|---|
| -- | Directory of Criminal Division Offices | 02/2009 | Web Page | page |
| 10557 | How to Expunge Your Criminal and/or Juvenile Record | 04/30/2009 | Kit | 📄 |
| 10884 | Drug Courts Work! | 05/2006 | Brochure | 📄 |
| 10753 | Drug Court Application | 05/2006 | Form | 📄 |
| | *Español   Solicitud para el programa del tribunal de drogas* | 05/2006 | Folleto | 📄 |
| 11199 | Frequently Asked Questions about Superior Court Bail (Bail FAQ) | 07/2007 | Pamphlet | 📄 |
| 10304 | Pre Trial Intervention (PTI) Brochure and Application | 09/28/2005 | Brochure with Form | 📄 |

## Family Division

| Catalog Number (CN) | Form, Kit, or Brochure Title<br>*Título del formulario, documento o folleto* | Revision Date<br>*Enmendado* | Type<br>*Tipo* | PDF |
|---|---|---|---|---|
| 11297 | Directory of Family Division Offices | 04/15/2009 | Information | 📄 |
| | *Español   Guía a las oficinas de la división de familias del tribunal superior* | 04/15/2009 | Información | 📄 |
| 11191 | Certification of Non-Military Service | 04/01/2008 | Form | 📄 |
| | **Family Multipurpose Post-Judgment Motions** | | | |
| 10483 | How to Ask the Court to Change or Enforce an Order in Your Case | 08/15/2008 | Kit | 📄 |
| | *Español Cómo pedir que el tribunal cambie o haga cumplir una orden en su caso* | 08/15/2008 | Paquete | 📄 |
| 10482 | Family Part Case Information Statement (Divorce) | 09/01/2004 | Kit | 📄 |
| 10482 | Family Part Case Information Statement **(Effective 09/01/2009)** | 09/01/2009 | Kit | 📄 |
| 11223 | Financial Statement for Summary Report Actions | 07/07/2008 | Form | 📄 |
| | **Domestic Violence** | | | |
| 11253 | The Prevention of Domestic Violence Act - A Guide to the Most Frequently Asked Questions | 08/2008 | Brochure | 📄 |
| | **Divorce - Dispute Resolution Alternatives to Conventional Litigation** | | | |
| 10889 | Rule 5:4-2(h) Certification by Self Represented Litigant | 12/4/2006 | Form | 📄 |
| 10890 | Rule 5:4-2(h) Certification by Attorney and Client | 12/4/2006 | Form | 📄 |
| | Notice to the Bar Memo - dated 12/4/2006 | 12/4/2006 | Form | 📄 |

**Additional Information on Divorce:**

Legal Services of New Jersey (LSNJ) has published Divorce In New Jersey: *A Self-Help Guide*, which consists of instructions and forms designed for self-represented litigants. The 252- page book is available free of charge to clients of Legal Services and to people with low incomes. The manual is being revised for publication, but the text of the Guide (the instructions but not the forms) is available on the Legal Services Web Site. Please check LSNJ's Web site for updated ordering information.

Individuals may call the LSNJ hotline at (888) 576-5529 **(outside of New Jersey, please call 732-572-9100 and ask to be transferred to the hotline)** to find out if they qualify for free legal help.

**Additional Family Division forms can be found on the Legal Practice Forms page.**

---

**Interstate Child Support Forms (Probation and Family Divisions)**

> **Interstate Child Support Forms can be found on the Uniform Interstate Family Support Act (UIFSA) page.**

## Probation Services

| Catalog Number (CN) | Form, Kit, or Brochure Title<br>*Título del formulario, documento o folleto* | Revision Date<br>*Enmendado* | Type<br>*Tipo* | PDF |
|---|---|---|---|---|
| | **Applying for Child Support** | | | |
| -- | NJ Child Support Guide and Application | -- | Web Page | page |
| | | | | |
| | **Child Support Enforcement** | | | |
| 10740 | State Tax Offset of Child Support Debts | 03/2006 | Brochure | 📄 |
| | Español  Compensación de deudas de manutención de menores mediante los impuestos estatales | 03/2006 | Folleto | 📄 |
| 10741 | Federal Tax Offset of Child Support Debts | 07/2008 | Brochure | 📄 |
| | Español  Compensación de deudas de manutención de menores mediante los impuestos federales | 07/2008 | Folleto | 📄 |
| 10751 | Credit Reporting of Child Support Debts | 07/2008 | Brochure | 📄 |
| | Español  Informes a agencias de crédito sobre las deudas de manutencion de menores | 07/2008 | Folleto | 📄 |
| 10752 | Your Guide to the NJ Judiciary Child Support Enforcement Program | 05/2008 | Brochure | 📄 |
| | Español  Su guía al programa del poder judicial de nueva jersey de ejecución de la manutención de menores | 05/2008 | Folleto | 📄 |
| | | | | |
| | **Intensive Supervision Program (ISP)** | | | |
| 10685 | Application for Intensive Supervision Program | 07/2008 | Form | 📄 |
| | Español  Solicitud de admisión al Programa de Supervisión Intensiva | 07/2008 | Formulario | 📄 |
| 10686 | Intensive Supervision Program - A Way Beyond the Wall | 11/2005 | Brochure | 📄 |
| | Español  Programa de supervisión intensiva - una solución al otro lado del muro | 11/2005 | Folleto | 📄 |

## Tax Court

| Catalog Number (CN) | Form, Kit, or Brochure Title<br>*Título del formulario, documento o folleto* | Revision Date<br>*Enmendado* | Type<br>*Tipo* | PDF |
|---|---|---|---|---|
| -- | Differentiated Case Management (DCM) Rules | 07/2006 | Information | 📄 |
| -- | Small Claims Handbook | 01/2009 | Information | 📄 |
| | | | | |
| 11015 | Certification of Indigency Form | 07/2007 | Form | 📄 |
| | Español Certificación de Indigencia | 07/2007 | Formulario | |
| 10697 | Records Request Form | 07/2007 | Form | 📄 |
| 11281 | Subpoena Ad Testificandum (Request Someone's Testimony in Court) | 12/2008 | Form | 📄 |
| 11282 | Subpoena Duces Tecum (Request an Appearance or Documents) | 12/2008 | Form | 📄 |
| 11283 | Notice of Motion Packet | 12/2008 | Form | 📄 |
| | | | | |
| | **State Complaint Forms** | | | |
| 10328 | State Tax Complaint Packet  (Complete Packet) | 09/2008 | Kit | 📄 |
| 11017 | Tax Relief Complaint Form | 09/2008 | Form | 📄 |
| | | | | |
| | **State Tax Individual Forms** | | | |

| 10340 | Application for Judgment Pursuant to *N.J.S.A.* 54:3-26 (County Board Freeze Act Judgment) | 09/2008 | Form | |
| 11016 | Application for Judgment Pursuant to *N.J.S.A.* 54:51A-8 | 09/2008 | Form | |
| 10336 | Condominium Schedule | 09/2008 | Form | |
| 10335 | Correction of Error Complaint (*N.J.S.A.* 54:51A-7) | 09/2008 | Form | |
| 10339 | County Equalization Table Complaint | 09/2008 | Form | |
| 10325 | State Tax Complaint | 09/2008 | Form | |
| 10327 | State Equalization Table - School Aid | 09/2008 | Form | |
| 10326 | State Tax Information Statement | 09/2008 | Form | |
| 10337 | Stipulation of Settlement Form | 09/2008 | Form | |
| 11163 | Stipulation of Settlement Form Farmland Rollback | 09/2008 | Form | |
| 10963 | Trial Information Sheet | 09/2008 | Form | |

**Local Property Tax Complaint Forms Packet**

| 10341 | Local Property Tax Complaint Packet (Complete Packet) | 09/2008 | Kit | |

**Local Property Tax Complaint Forms (Individual Forms)**

| 10330 | Complaint Additional Information Sheet | 09/2008 | Form | |
| 11003 | Local Property Tax Complaint form | 09/2008 | Form | |
| 11185 | Complaint Form - Taxing District Increasing Assessment | 09/2008 | Form | |
| 11004 | Case Information Statement (CIS-LP) | 09/2008 | Form | |
| 10332 | Mandatory Settlement Conference Report | 09/2008 | Form | |
| 10333 | Form of Appraisal Report Permitted for Mandatory Settlement Conference | 09/2008 | Form | |
| 10334 | Correction of Error - Case Information Statement (CIS) | 09/2008 | Form | |

**Interrogatories**

| 10966 | Standard Interrogatories to be Served on Taxpayer | 09/2008 | Information | |
| | Español Interrogatorios Reglamentarios Para Entregar al Contribuyente | 09/2008 | Información | |
| 10968 | Standard Interrogatories to be Served on Taxpayer for Exemption Case | 09/2008 | Information | |
| | Español Interrogatorios reglamentarios para entregar al contribuyente para casos de exención | 09/2008 | Información | |
| 10969 | Standard Interrogatories to be Served on Taxpayer for Farmland Assessment Case | 09/2008 | Information | |
| 10965 | Standard Interrogatories to be Served on Municipality | 09/2008 | Information | |
| 10967 | Standard Interrogatories to be Served on Municipality for Exemption Case | 09/2008 | Information | |
| 10970 | Standard Interrogatories to be Served on Municipality for Farmland Assessment Case | 09/2008 | Information | |

**Tax Court forms can also be found on the main Tax Court page.**

**Appellate Division**

| Catalog Number (CN) | Form, Kit, or Brochure Title *Título del formulario, documento o folleto* | Revision Date *Enmendado* | Type *Tipo* | PDF | Web Page |
|---|---|---|---|---|---|
| | **Pro Se Kits** | | | | |
| 10559 | How to Appeal a Decision of a Municipal Court | 02/2001 | Kit | | -- |
| 10837 | Appellate Pro Se Kit | 09/01/2008 | Kit | | -- |
| 10824 | Board of Review Pro Se Kit | 09/2006 | Kit | | -- |
| | Español Junta de Revisión - documentos para litigantes que se representan a sí mismos (Kit with Spanish instructions) | 09/2006 | Paquete | | -- |

**Individual Pro Se Instructions**

| | | | | | |
|---|---|---|---|---|---|
| 10834 | Appellate Division Practice Checklist | 06/2005 | Instructions | 📄 | page |
| 10836 | Appellate Division Checklist for Brief | -- | Instructions | 📄 | page |
| 10835 | Appellate Division Checklist for Preparation of Appendix | -- | Instructions | 📄 | page |

**Individual Pro Se Forms**

| | | | | | |
|---|---|---|---|---|---|
| 10498 | Fact Sheet on Application for Emergent Relief | 02/2009 | Form | 📄 | -- |
| 10499 | Certified Statement In Support Of Motion To Leave To Proceed As An Indigent | 08/1999 | Form | 📄 | -- |
| 10500 | Civil Case Information Statement | 09/01/2008 | Form & Instructions | 📄 | -- |
| 10501 | Criminal Case Information Statement | 09/01/2008 | Form & Instructions | 📄 | -- |
| 10502 | Notice of Appeal | 09/01/2008 | Form & Instructions | 📄 | -- |
| 10503 | Notice of Motion | 07/1996 | Form & Instructions | 📄 | -- |
| 10504 | Court Transcript Request (Transcript Request Form) | 09/01/2008 | Form | 📄 | -- |
| 10199 | Transcript Fees (Notice to the Bar) | 06/15/2005 | Information | 📄 | -- |

**Additional Appellate Division information is available on the main Appellate Division page.**

**Supreme Court**

| Catalog Number | Form, Kit, or Brochure Title | Revision Date | Type | PDF |
|---|---|---|---|---|
| 10538 | A Guide to Filing for Litigants without Lawyers | 03/08/2007 | Kit | 📄 |

**Miscellaneous Forms**

| Catalog Number | Form, Kit, or Brochure Title | Revision Date | Type | PDF |
|---|---|---|---|---|
| 10975 | Americans with Disabilities Act (ADA) Complaint Form | 07/2008 | Form | 📄 |
| 10845 | Insurance Producer / Limited Insurance Representative Registration Form | 07/13/2000 | Form | 📄 |

**Requesting Records or Documents**

| | | | | |
|---|---|---|---|---|
| 10504 | Court Transcript Request (Transcript Request Form) | 09/01/2008 | Form | 📄 |
| 10597 | Records Request Form - Civil Part (all Civil records except for Probate Part) | 10/2005 | Form | 📄 |
| 10964 | Records Request Form - Probate Part | 09/25/2007 | Form | 📄 |
| 10596 | Records Request Form - Criminal Part | 10/2005 | Form | 📄 |
| 10598 | Records Request Form - Family Part | 10/2005 | Form | 📄 |
| 10595 | Records Request Form - Municipal Court | 10/2005 | Form | 📄 |
| 10697 | Records Request Form - Tax Court | 03/2006 | Form | 📄 |
| 10461 | Request for Disclosure of Judicial Financial Reporting Statement | 03/01/2004 | Form | 📄 |

Copyrighted © 2009 - New Jersey Judiciary - Revised 09/2009